UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBRA SIMON,
        Plaintiff,

v.

MACY'S EAST, INC. and FEDERATED DEPARTMENT STORES, INC., and MACY'S EAST ENHANCED SERVERANCE PLAN FOR TOP OF THE RANGE HOURLY EMPLOYEES-GROUP 1,
        Defendants.

Civil Action No. 05- CV 10182 RWZ

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Macy's East, Inc., ("Macy's"), Federated Department Stories Inc., ("Federated"), and Macy's East, Inc., Enhanced Severance Plan for Top of the Range Hourly Employees-Group 1 (the "Plan") (collectively the "Defendants"), by and through their undersigned attorneys, for its Answer to Plaintiff, Debra Simon's, complaint (the "Complaint"), state as follows:

### Parties

1. Defendants admit that the Plaintiff is an individual, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and therefore they deny the same.

2. Defendants admit that the Macy's East, Inc., Enhanced Severance Plan for Top of the Range Hourly Employees-Group 1 is a benefit plan and the remainder of Plaintiff's allegations are legal conclusions to which the Defendants are not

  required to respond. To the extent a response is required, the Defendants deny the remaining allegations contained in Paragraph 2.

3. Admitted.

4. Defendants admit that Federated Department Stores, Inc. is a corporation with a principal place of business in Ohio, which is a plan sponsor of the enhanced severance offer; and the remaining allegations in Paragraph 4 are conclusions of law to which no response is required.

## Jurisdiction and Venue

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations in Paragraph 5.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations in Paragraph 6

## FACTS

7. Defendants admit that the Plaintiff was an employee of Macy's for approximately 14 years, and that she had been on approved family medical leave that commenced November 2003, and Defendants are without sufficient knowledge and information to respond to the other allegations contained in Paragraph 7 and they are therefore denied.

8. Defendants admit that on June 8, 2004 Judy Walker, Office Manager of the Macy's Burlington store, called the Plaintiff and left a message, and Defendants otherwise deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that the Plaintiff and Ms. Walker had a conversation regarding the severance package and otherwise deny the allegations contained in Paragraph

       9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny that Exhibit One is a complete and accurate copy of the material that was sent to the Plaintiff and otherwise deny the factual allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that there were meetings regarding the severance package, and they are without sufficient knowledge and information to otherwise respond to the allegations contained in Paragraph 15 which are therefore denied.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit that the Plaintiff and Ms. Walker had a conversation and otherwise deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit that Judy Walker told the Plaintiff that it was too late to accept the enhanced severance offer, and further admit that Ms. Walker did not call the Plaintiff between June 8, 2004 and July 24, 2004, and the Defendants otherwise deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit that Ms. Walker stated that it was too late to accept the enhanced severance offer and the Defendants otherwise deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants admit that the Plaintiff said she might have to return to work, and at

that point Ms. Walker referred the Plaintiff the company's benefits department, and the Defendants otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that the Plaintiff spoke with Cathleen Blick, who stated that Ms. Simon had missed the deadline to accept the enhanced severance offer, and the Defendants otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. Admitted.

24. Defendants admit that a letter was sent to the Plaintiff in early August 2004, and refer to the letter for the true contents thereof and further state that they are without sufficient knowledge and information to otherwise respond to the allegations in Paragraph 24 and they are therefore denied.

25. Defendants admit that they received a letter from Plaintiff, and refer to the letter for the true contents thereof and they are without sufficient knowledge and information to respond and therefore otherwise deny the allegations in Paragraph 25 of the Complaint.

26. Defendants admit that Ms. Blick sent a letter to the Plaintiff dated August 31, 2004 and refer to the letter for the true contents thereof and further state that they are without sufficient knowledge and information to respond and therefore otherwise deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

## COUNT I - MACY'S EAST, INC,
(Promissory Estoppel Under 28 U.S.C. §1132)

28. Defendant Macy's reasserts its responses to Paragraphs 1-27 as if fully set forth herein.

29. Defendant Macy's denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant Macy's denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant Macy's denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant Macy's denies the allegation set forth in Paragraph 32 of the Complaint.

33. Defendant Macy's denies the allegations set forth in Paragraph 33 of the Complaint.

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, Defendant Macy's denies the allegations in Paragraph 34.

## COUNT II- All Defendants
(Violation of 29 U.S.C.§ 1022)

35. Defendants reassert their responses to Paragraphs 1-34 as if fully set forth herein.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

### COUNT III- Macy's East, Inc., and Federated Department Stores Inc.
**(Breach of Fiduciary Duty)**

38. Defendants reassert their responses to Paragraphs 1-37 as if fully set forth herein.

39. Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

### COUNT IV- All DEFENDANTS
**(Arbitrary and Capricious Denial of Benefits)**

43. Defendants reassert their responses to Paragraphs 1-42 as if fully set forth herein.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45.

### COUNT V- MACY'S EAST, INC.
**(Violation of 29 U.S.C. § 1140)**

46. Defendant Macy's reasserts its responses to Paragraphs 1-45 as if fully set forth herein.

47. Defendant Macy's denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant Macy's denies the allegations set forth in Paragraph 48 of the Complaint.

49. Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, Defendant Macy's denies the allegations in Paragraph 49.

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

Defendants further deny that the Plaintiff is entitled to any of the relief sought in her prayers for relief in sections (a) through (f) of her complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her internal administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants' actions were legal, proper, reasonable, and in conformity with all applicable regulations and laws.

### FIFTH AFFIRMATIVE DEFENSE

The alleged oral representations and allegedly misleading and inaccurate statements were not made by a fiduciary.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff could not have reasonably relied on any alleged representations made by the Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

There are no extraordinary circumstances that warrant equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith toward Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendants acted without malice or fault in all conduct relating to this matter.

### TENTH AFFIRMATIVE DEFENSE

Defendant Federated is improperly named as a defendant in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff barred from obtaining equitable relief by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer to add such affirmative defenses as warranted by additional investigation and discovery in their case.

Defendants demand a jury trial on all issues for which it is so entitled.

WHEREFORE, having fully defended, Defendants pray for judgment as follows:

A.   An order dismissing the Complaint with prejudice;

B. An order awarding Defendants its costs and attorneys' fees incurred herein; and

C. Such other and further relief as the Court deems just and proper.

        Respectfully submitted by

        Macy's East, Inc., Federated Department Stores, Inc, and Macy's East, Inc., Enhanced Severance Plan for Top of the Range Hourly Employees-Group 1,

        By their attorneys,

        /s Daniel S. Field
        Robert P. Joy (BBO No. 254820)
        Daniel S. Field (BBO No. 560096)
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts 02109-2605
        (617) 523-6666

Dated: May 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for the plaintiff, Martha Wishart, Esq. McKenzie & Associates, 44 School Street, Suite 1100, Boston, MA 02108, by first-class U.S. mail this 27th day of May, 2005.

        /s/ Daniel S. Field
        Daniel S. Field