UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DEBRA SIMON,**<br>    Plaintiff,<br><br>v.<br><br>**MACY'S EAST, INC., And**<br>**FEDERATED DEPARTMENT**<br>**STORES, INC and**<br>**MACY'S EAST, INC,**<br>**ENHANCED SEVERANCE PLAN**<br>**FOR TOP OF THE RANGE**<br>**HOURLY EMPLOYEES-GROUP**<br>**1,**<br>    **Defendants** | **CIVIL ACTION NO. 05-CV 10182RWZ** |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

COME NOW the undersigned parties Debra Simon ("Ms. Simon") and Macy's East, Inc., Federated Department Stores, Inc. and Macy's East Enhanced Severance Plan for Top of the Range Hourly Employees-Group 1 (the "Macys Defendants" or the "Defendants"), pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference, and respectfully submit this Joint Statement of the Parties.

I.    **Plaintiff, Debra Simon's Statement of the Case**

Ms. Simon, a 14 year employee of Macy's, was on an approved family leave of absence caring for her two great nieces (ages six and two) on a foster care basis. The leave commenced in November, 2003. On June 8, 2004, while still on the family leave of absence, Ms. Simon received a telephone message from Judy Walker, Office Manager at the Macy's location in

Burlington, directing Ms. Simon to call her by the end of that business day. Ms. Simon returned the call, just before Ms. Walker left for the evening. Ms. Walker was in a hurry, and briefly explained that Macy's was offering a severance package with an option of early retirement.

The only date that Ms. Walker mentioned was July 31, 2004, which Ms. Simon made a point to note down. Ms. Walker stated she would overnight the package, and Ms. Simon received it on June 9, 2004. In the text of the package, which is more than twenty pages in length the date July 31, 2004, appears approximately 10 times. The date July 24, 2004, appears only one time, at the bottom of a sheet, which employees present in the stores were asked specifically to review and sign.

Because Ms. Simon was not present in the store, this sheet was not pointed out to her, and she was unaware of the July 24, 2004, deadline for acceptance of the offer. Upon information and belief, one or more meetings were held for the benefit of employees to explain the Severance Package. Ms. Simon was not made aware of the meetings. The Summary Plan Description, accompanying the Severance Package, is devoid of any mention at all of any deadline for the acceptance of the severance offer. While the Enhanced Severance Notice does state (beginning on the second page) that the offer must be accepted within 45 days from the receipt thereof, Ms. Simon relied on the representation that she had until July 31, 2004 to accept the offer.

On Wednesday, July 28, 2004, Ms. Simon called Judy Walker to accept the Severance Package. Ms. Walker said that it was too late and that she had needed to know by July 24, 2004. Ms. Walker said that Ms. Simon was the last of the eleven employees in her store that were offered the package to be heard from regarding his or her decision. Despite this fact, Ms. Walker never called Ms. Simon at any time between June 8, 2004 and July 24, 2004 to inquire as to the

whereabouts of the completed paperwork. Ms. Simon explained to Ms. Walker that she had not been notified of the July 24, 2004, date, but Ms. Walker stated there was nothing she could do. Ms. Simon then asked if she could come back to work on September 2, 2004. Ms. Walker said she was not sure, and that Ms. Simon should check with the benefits department.

      Ms. Simon then called the New York number that was listed in the severance information. She spoke with Cathleen Blick, and explained the situation to her. Ms. Blick also stated that it was too late for Ms. Simon to accept the severance package. Nevertheless, Ms. Simon signed the General Release, and sent two copies overnight mail; one to Judy Walker in Burlington and one to Mr. Bradley Belz in New York. Both copies were received and signed for on July 30, 2004. Thereafter, in early August, Ms. Simon received a letter dated August 5, 2004, stating that she had been terminated on February 26, 2004. Ms. Simon also received her medical/dental premium check for the month of July back in the mail stating again that she had been terminated on February 26, 2004. Ms. Simon wrote to Mr. Belz to inquire if the termination date was a mistake, since she had been paying medical/dental premiums all along through the end of July, 2004. Further, she had received her annual company deposit into her 401K account in April, 2004, and had never received any termination-related information, such as COBRA notices and the like.

      No response was forthcoming from Mr. Belz, however, Ms. Simon received a letter from Ms. Blick on September 13, 2004, dated August 31, 2004, and postmarked from New York on September 9, 2004, stating that the termination date had been changed to August 5, 2004, and that her request for the severance package was denied. If Ms. Simon had been allowed to accept the severance package, she also would have been eligible for an early retirement offer. That offer included benefits such as the right to stay in the employee health insurance group and store

3

discounts for Ms. Simon's lifetime. Ms. Simon then exhausted her internal appeals, pursuant to the provisions of the Plan. Thereafter, Ms. Simon filed a complaint alleging that defendants had violated certain provisions of ERISA.

**II.     Defendant Macy's East, Inc., Federated Department Stores, Inc. and Macy's East Enhanced Severance Plan for Top of the Range Hourly Employees- Group 1's Statement of the Case**

The Plaintiff is a former employee of Macy's East, Inc. ("Macy's), most recently as a sales associate in the Burlington, Massachusetts store. On November 13, 2003, she submitted a resignation letter to Macy's due to "family considerations and alternate employment." Thereafter, she effectively withdrew her resignation and began an authorized 3-month Family and Medical Leave, effective November 2003. This leave should have expired on February 26, 2004, the date on which Ms. Simon would exhaust her sick and vacation leave.[1] She did not return to work, and but for an error, she would have been terminated. Instead she remained on Macy's payroll.

In June 2004, Macy's made an offer of early retirement to certain staff who had reached the maximum pay rate for their positions, which offer was called the Macy's East, Inc. Enhanced Severance Plan for Top of the Range Hourly Employees- Group 1 (the "Enhanced Severance Offer" or the "Offer"). The Enhanced Severance Offer permitted employees to accept a severance payment tied to numbers of years of service, among other factors. Some employees who were over 50 years old, with at least 10 years of service were also eligible to receive extended health insurance coverage. Employees 55 or older, with at least 15 years of service

---

[1] Under the terms of her leave, the Plaintiff was required to contact Macy's every 30 days to provide updates as to her status and her intent to return to work.

were also eligible for a lifetime employee store discount. The Offer remained open for 45 days.

Macy's elected to communicate the Offer to eligible employees by having Macy's managers contact employees in person or by telephone to explain the Offer. This was intended to ensure that employees understood the Offer was voluntary, as well as to avoid unduly alarming them. Following these individual meetings, a package containing more detailed written materials and the Offer itself were either hand-delivered or mailed directly to the affected employees.

In keeping with this procedure, on or about June 8, 2004, Judy Walker ("Walker"), an office manager at the Burlington Macy's store, contacted the Plaintiff by telephone and told her that she was eligible for the Offer. During their conversation, Walker gave the Plaintiff an appropriately complete and accurate explanation of the Offer, and told the Plaintiff that she would receive more detailed written materials, which would be delivered by overnight mail.

Macy's immediately sent the Enhanced Severance Offer, which arrived at the Plaintiff's home the following day. The Plaintiff took no further action until after the Offer had expired— more than a month and one half later.

The package of documents containing the Offer repeatedly warned the Plaintiff that she had only 45 days to accept. The written material included a seven-page document with questions and answers about the Offer, a separate letter notifying Ms. Simon in boldface type that **"It is also important to remember that you have forty-five [45] days from the date that you receive the official offering documents** to review them and decide if you want to enter into the General Release." (Emphasis in original).[2] This document contains several references to

---

[2] In the materials sent to the Plaintiff, included an Enhanced Severance Benefit Offer Notice, with no les than 4 references to the 45 day deadline to accept. The Plaintiff had every reason to know that the offer expired 45 days hence, and that had she accepted, her employment would have ended on July 31, 2004, which is identified as the last day of employment.

5

regular and toll free telephone numbers for employees to use to ask questions about the Offer. Employees are also repeatedly advised to seek the advice of an attorney. The Enhanced Severance Benefit Offer Notice included in the materials plainly communicates the importance of accepting the offer in writing, and expresses clearly the time period in which the Plaintiff was required to respond, noting that one can only accept the offer:

> By personally delivering the signed General Release to your human Resources Executive or designee no later than the forty-fifth (45th) day after receipt hereof, or by mailing such release to your Human Resources Executive or designee by first class mail, postage prepaid, or certified mail no later than the forth-fifth (45th) day after receipt hereof. If mailed the date of the postmark or certification will be used to determine when you accepted the offer.

The materials also included a 2-page document containing additional commonly asked questions and answers. A one-page document (the "Acknowledgement") set out the value of the Plaintiff's enhanced benefit ($14,280.00). This Acknowledgement concludes with a section designated as "Important" which states in capital letters over the Plaintiff's signature line: "I ACKNOWLEDGE RECEIPT OF THE ABOVE INSTRUCTIONS AND I AGREE THAT I MUST RETURN THE GENERAL RELEASE BY JULY 24 IF I WISH TO ACCEPT THE ENHANCED SEVERANCE BENEFIT OFFER." (Emphasis in original).[3]

On July 28, 2004, four days after the Offer had expired, and just two days before those who had accepted the offer were due to terminate their employment, the Plaintiff called Walker in an attempt to orally accept the expired Offer. Walker told the plaintiff in substance that it was too late to accept, to which the Plaintiff responded "I guess I'll have to come back to work then." When Walker asked why she hadn't promptly returned the release and acceptance of the Offer, the Plaintiff said that she had received the material such a long time ago that she "forgotten

---

[3] Plaintiff has apparently omitted this Acknowledgement from the submissions attached to her complaint in this case.

about it."

Thereafter, the Plaintiff signed and returned the expired release, which by its terms requires the Plaintiff to accept the offer within 45 days. Tellingly, the Plaintiff did not return the one-page Acknowledgement. Plaintiff subsequently asked Macy's and Federated benefits managers to include her in the Enhanced Severance Offer plan. They declined to do so. The Plaintiff's employment was officially terminated, effective August 5, 2004, more than nine months after she had last worked.

### VI.     Rule 26(a)(1) Disclosures

The parties suggest that the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) be served no later than **August 26, 2005.**

### VII.    Proposed Agenda of Matters to be Discussed at the Scheduling Conference

The parties propose to discuss the following with the Court at the Scheduling Conference, which is set for 2:00 PM. on July 21, 2005:

A.    Discussion of Proposed Scheduling Order (set forth herein).

B.    Discussion of Proposed Discovery Plan (set forth herein).

### VIII.   Proposed Scheduling Order

The parties propose that the following dates and deadlines be included in the Court's Scheduling Order:

**A.**    All parties shall be joined on or before **August 26, 2005.**

**B.**    All motions for leave to amend the pleadings shall be filed on or before **August 26, 2005**.

| | |
|---|---|
| C. | All discovery shall be served so as to be completed on or before **March 1, 2006**. |
| D. | All dispositive motions shall be filed on or before **March 31, 2006**. |
| E. | Any opposition to dispositive motions shall be filed on or before **May 1, 2006 or within 30 days of service of the summary judgment motion, whichever is sooner**. |
| F. | The parties propose the following changes to the timing of disclosures made pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure: pretrial disclosures pursuant to Rule 26(a)(3)(A), Rule 26(a)(3)(B) and Rule 26(a)(3)(C) shall be due at least 60 days before trial, with objections due at least 30 days before trial. |
| G. | Except with regard to in limine motions arising during the trial, in limine motions shall be filed at least thirty days before trial, and responses to in limine motions shall be filed at least fourteen days before trial |
| H. | At this time, the parties' estimate on the length of trial is **2-3 days**. |
| I. | The parties shall file a joint pretrial memorandum thirty days before trial. |
| J. | The parties request that a pretrial conference be held sometime after **June 30, 2006.** |
| K. | The parties request that the Court consider setting this case for trial on a trial calendar in **August, 2006**. |

**VI.     Proposed Discovery Plan**

A. To date, the status of discovery is as follows: the parties have not exchanged any Initial Disclosures pursuant to Federal Rule 26(a)(1), but agree to do so on or before **August 26, 2005**. The parties have not yet served opening interrogatories or requests for the production of documents.

B. As noted above, the parties propose that all discovery be completed on or before December 31, 2005.

8

C.  The parties propose that each deposition be limited to a maximum of eight hours of testimony, excluding breaks and objections by counsel, unless extended by agreement of the parties. Further, they propose that each side be limited to four depositions.

D.  A maximum of twenty-five (25) interrogatories by each party to any other party, unless otherwise agreed. Responses due thirty (30) days after service unless otherwise agreed pursuant to Fed. R. Civ. P. Rule 29.

## VII.   Trial by Magistrate Judge

The parties do not consent to trial by a Magistrate Judge.

## VIII.   Local Rule 16.1(D)(3) Certifications

The parties will submit Certifications at or before the Scheduling Conference.

| Respectfully submitted, | MACY'S EAST, INC., FEDERATED DEPARTMENT STORES, INC. AND MACY'S EAST ENHANCED SEVERANCE PLAN FOR TOP OF THE RANGE HOURLY EMPLOYEES-GROUP 1, |
|---|---|
| **DEBRA SIMON,** | |
| By her attorneys, | By its attorneys, |
| /s/ Martha M. Wishart | /s/ Daniel S. Field |
| Martha M. Wishart (BBO# 556694) | Robert P. Joy (BBO No. 254820) |
| MCKENZIE & ASSOCIATES, P.C. | Daniel S. Field (BBO#560096) |
| 44 School Street | Morgan, Brown & Joy, LLP |
| Boston, MA 02108 | 200 State Street |
| (617) 723-0400 | Boston, MA 02109 |
| | (617) 523-6666 |
| Dated: July 14, 2005 | |